IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MISSOURI

| | |
|---|---|
| **TERRIE ROBISON,** ) <br> ) <br> Plaintiff, ) <br> ) <br> v. ) <br> ) <br> **NORTHCRAFT FLOORING AND** ) <br> **DESIGN, LLC** ) <br>     To be served to Registered Agent: ) <br>     Jill Koeshall ) <br>     6229 Blue Ridge Boulevard ) <br>     Raytown, MO 64133 ) <br> And ) <br> ) <br> **JILL KOESHALL** ) <br>     To be served at: ) <br>     6229 Blue Ridge Boulevard ) <br>     Raytown, MO 64133 ) <br> ) <br> Defendants. ) | Case No._____ <br><br> Division _____ |

## **COMPLAINT**

COMES NOW Plaintiff, Terrie Robinson, by and through her counsel of record, and for her causes of action against Defendant Northcraft Flooring and Design, LLC for failure to pay her overtime wages and for retaliation under the Fair Labor Standards Act ("FLSA") states and alleges the following:

## **PARTIES**

1. Plaintiff Terrie Robison (hereinafter "Plaintiff") is a resident of Blue Springs, Jackson County, Missouri who worked for Defendants from October 2013 to on or about July 17, 2018. Plaintiff's consent to become a party-plaintiff pursuant to 29 U.S.C. 216(b) is attached hereto as Exhibit "A".

1

2. Defendant Northcraft Flooring and Design, LLC (hereinafter "Defendant Northcraft") is a Missouri limited liability company that can be served in Missouri via its registered agent at the address above. Defendant's headquarters is located at 6229 Blue Ridge Boulevard, Raytown, Missouri. Defendant is in the business of selling and installing commercial and residential flooring.

3. Defendant Jill Koeshall (hereinafter "Defendant Koeshall") is a resident of the State of Missouri and the owner and manager of Defendant Northcraft. Defendant Koeshall has operational control over Defendant Northcraft and is responsible for establishing and enforcing the policies and practices at issue.

## JURISDICTION AND VENUE

4. The Fair Labor Standards Act of 1938, as amended, 29 U.S.C. § 201, et seq., in relevant part, authorizes court actions by private parties to recover damages for violations of the FLSA's overtime provisions and to enforce the prohibition against retaliation. Jurisdiction over Plaintiff's FLSA claims is based on 29 U.S.C. § 215, 29 U.S.C. § 216(b), and 28 U.S.C. §§ 1331 and 1337.

5. At all times relevant to this Complaint, Defendants have been "employers" engaged in interstate "commerce" within the meaning of the FLSA, 29 U.S.C. § 203. At all times relevant to this Complaint, Defendants employed "employees," including the Plaintiff. Plaintiff was engaged in commerce and/or worked for Defendants, which was an enterprise engaged in commerce. At all relevant times, Defendants had gross operating revenues in excess of $500,000.

6. Defendant Koeshall is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because at all relevant times, she acted directly or indirectly in the interest of Defendant Northcraft in relation to Plaintiff.

7. Venue is proper in this district pursuant to 28 U.S.C. § 1391(b).

## FACTS COMMON TO ALL COUNTS

8. Plaintiff incorporates by reference each and every above paragraph as though fully set forth herein.

9. Plaintiff, began working for Defendants in October 2013. Her duties included but were not limited to administrative duties including answering phones, interacting customers, and maintaining the company calendar; purchasing and ordering products and inventory from numerous vendors; and sales. These duties were nonexempt under the FLSA.

10. Sometime in Spring of 2014, Plaintiff noticed that Defendants were paying Plaintiff less than the full amount of hours she worked. Many of the hours worked were overtime hours in excess of 40 hours per week. For the hours worked over 40, Plaintiff was not paid at the legal rate of time-and-a-half her regular rate of pay.

11. Defendants decided that overtime would be paid for working over 80 hours in two weeks instead of working over 40 hours in one week.

12. Defendants' practice of failing to pay Plaintiff for all overtime hours continued into June 2018. On or around June 12, 2018 Plaintiff complained to Defendant Koeshall about Defendants' overtime scheme and provided Defendant Koeshall with materials indicating that Defendants needed to be paid overtime calculated as over 40 hours in one week and not over 80 hours in two weeks.

13. Plaintiff made her complaint by telling Defendants that they owed overtime and further stapling a DOL information pamphlet to her time sheet to emphasis the point.

3

14. After her complaint about Defendants' overtime scheme, Defendant Koeshall and other employees began treating Plaintiff differently by refusing to communicate or collaborate with Plaintiff concerning work issues.

15. On or about July 17, 2018, Defendant Koeshall came to Plaintiff and told her, "you remember I said I was making changes? You are one of those changes, and I'm letting you go."

16. After being told she was being terminated, Plaintiff asked what was the reason for her termination. Defendant Koeshall responded, "it's because of the overtime."

17. On or about July 17, 2018, as the last act of retaliation, Defendants terminated Plaintiff's employment because she complained about Defendants' overtime scheme and the lack of proper overtime pay.

18. Following her termination, Plaintiff made a complaint to the Department of Labor that resulted in an investigation. As part of that investigation, Defendants were ordered to make payment to several employees.

19. Plaintiff could not accept the payment because any release would have waived damages for retaliation she suffered. Moreover, Defendants actions meet the standard for assessment of liquidated damages.

## COUNT 1
## FLSA – OVERTIME COMPENSATION
**(29 U.S.C. § 207)**

20. Plaintiff incorporates by reference each and every above paragraph as though fully set forth herein.

21. At all times material herein, Plaintiff has been entitled to the rights, protections and benefits provided under the FLSA, 29 U.S.C. § 201, et seq.

22. The FLSA regulates, among other things, the payment of overtime compensation by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

23. Defendant Northcraft is subject to the overtime pay requirements of the FLSA because it is an enterprise engaged in commerce and its employees are engaged in commerce.

24. Defendant Northcraft is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203.

25. Defendant Koeshall is an "employer" within the meaning of the FLSA, 29 U.S.C. § 203, because at all relevant times, she acted directly or indirectly in the interest of Defendant Northcraft in relation to Plaintiff.

26. Defendants violated the FLSA by failing to pay Plaintiff overtime compensation at a rate of time-and-a-half his regular rate of pay for all work in excess of forty hours per week.

27. Defendants acted in bad faith and without reasonable grounds to believe their actions and omissions were compliant with the FLSA. As a result thereof, Plaintiff is entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime pay described above, pursuant to Section 16(b) of the FLSA. Plaintiff is also entitled to an award of prejudgment interest at the applicable legal rate.

WHEREFORE, Plaintiff requests that the Court grant her judgment against Defendants on Count 1 of her Complaint and award her compensatory damages, liquidated damages, attorneys' fees and costs as allowed by Section 16(b) of the FLSA, prejudgment and post-judgment interest as provided by law, and any such other relief the Court deems fair and equitable.

## COUNT 2
## FLSA – RETALIATION
## (29 U.S.C. § 215)

28. Plaintiff incorporates by reference each and every above paragraph as though fully set forth herein.

29. Plaintiff engaged in protected activity under 29 U.S.C. § 215(a)(3) by complaining to Defendants about their failure to pay her for all overtime hours worked.

30. Defendants discharged Plaintiff because she complained about the failure of Defendants to pay all of her overtime hours in violation of 29 U.S.C. § 215(a)(3).

31. Plaintiff seeks damages in the amount of all lost wages, plus liquidated damages, as provided by 29 U.S.C. § 216(b).

32. The actions and conduct set forth herein were done with malice or reckless indifference for the rights of Plaintiff, and therefore Plaintiff is entitled to punitive damages from Defendants, to punish Defendants and deter others from similar conduct.

33. Plaintiff also seeks recovery of all attorneys' fees, costs, and expenses of this action, to be paid by Defendants, as provided by 29 U.S.C. § 216(b), prejudgment and post judgment interest, and such other legal and equitable relief that the Court deems just and proper.

WHEREFORE, Plaintiff requests that the Court grant her judgment against Defendants on Count 2 of her Complaint and award her compensatory damages, liquidated damages, punitive damages, front pay in lieu of reinstatement, attorneys' fees and costs as allowed by Section 16(b) of the FLSA, prejudgment and post-judgment interest as provided by law, and any such other relief the Court deems fair and equitable.

**PLAINTIFF REQUESTS A JURY TRIAL**

Respectfully submitted,

KAPKE & WILLERTH, LLC

By: /s/ George E. Kapke, Jr.
George E. Kapke Jr.   Mo Bar 52114
Zachary L. Enterline   Mo Bar 68049
3304 NE Ralph Powell Road
Lee's Summit, MO 64064
P: 816-461-3800
F: 816-254-8014
ted@kapkewillerth.com
zach@kapkewillerth.com
ATTORNEYS FOR PLAINTIFF